PEEKAY PRODUCTIONS, INC.,Plaintiff, *v.* BEEKMAN CINEMA, INC., Defendant.

Supreme Court, Special Term, New York County, April 19, 1949.

*Pfeiffer & Crames* for defendant.

*George Becker* for plaintiff.

McNALLY, J. Motion pursuant to subdivision 5 of rule 106 of the Rules of Civil Practice to dismiss the amended complaint. The defendant leased to the plaintiff premises 1034 Second Avenue, Borough of Manhattan, for the term of one year commencing October 10, 1946. The lease was renewed for an additional term of one year ending October 9, 1948. The plaintiff has occupied and used and still occupies and uses the premises as a cabaret. The premises were not used or occupied as business space on or prior to June 1, 1944. The emergency rent thereof was not fixed in accordance with section 2 of the emergency rent control laws (L. 1945, chs. 3, 314, as amd.). The relief sought, in part, is a fixation of the emergency rent and recovery of the rent paid in excess of such emergency rent. The defendant contends as follows: (1) The premises are exempt from the operation of said laws; (2) The action is premature in that the emergency rent has not been fixed heretofore in a special proceeding; and (3) The complaint fails to allege that plaintiff has no adequate remedy at law.

The argument in favor of exemption is that a " theatre " is excluded from the operation of the statutes involved. (Commerical Rent Law [L. 1945, ch. 3, as amd.], § 13.) The defendant contends the premises are occupied as a theatre. The amended complaint, however, alleges the premises are occupied as a cabaret. The allegation must be accepted for the purpose of this application. A cabaret is not a theatre. (*People* v. *Keller*, 96 Misc. 92.)

The action is not premature. Similar complaints have been sustained. The prior fixation of emergency rent is not a requisite to the instant action. (*Joanette Juniors* v. *Princeway Realty Corp.*, 272 App. Div. 420; 84 N. Y. S. 2d 206; *Moore* v. *Hasko Utilities Corp.*, 78 N. Y. S. 2d 519, 76 N. Y. S. 2d 827.)

The failure to allege the inadequacy of any remedy at law is not vital. It appears from the complaint that circuity of action will be avoided. In addition, the complaint seeks the fixation of emergency rent, which is within the province of

Special Term by provision of the statutes involved (Commercial Rent Law, § 2; Business Rent Law [L. 1945, ch. 314, as amd.], § 2.) Other points are made by the defendant which are patently without merit. Motion denied.